UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO. 6:22-cr-184-RBD-EJK

RAKEEM OLAJUWON HILL
_____/

ORDER

This cause comes before the Court following Defendant Rakeem Olajuwon Hill's competency hearing held on April 13, 2023. (Doc. 87.) For the reasons stated on the record and herein, the Court finds that Defendant is not competent to proceed to trial. He shall be committed to the custody of the Attorney General for hospitalization and treatment.

On January 31, 2023, Defendant filed an Unopposed Motion for a Hearing to Determine the Mental Competency of Defendant (Doc. 62), which the Court granted (Doc 77). At the parties' request, the Court appointed Dr. Debra Goldsmith, Ph.D. ("Dr. Goldsmith"), to examine Defendant and to render an opinion regarding his competency to proceed to trial. (*Id.*) Following the submission of Dr. Goldsmith's report, both the United States and Defendant filed notices indicating that they do not object to Dr. Goldsmith's findings regarding Defendant's mental incompetency. (Docs. 84, 85.)

Having considered Dr. Goldsmith's report and the notices filed by the United States and Defendant, and after conducting a competency hearing on April 13, 2023,

the Court finds that the preponderance of evidence supports a finding that Defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). The statute directs the Court to "commit . . . [D]efendant to the custody of the Attorney General," who will "hospitalize . . . [D]efendant for treatment in a suitable facility . . . . to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward," and "for an additional period of time" until either his mental condition improves so trial may proceed, or the pending charges "are disposed of according to law." *Id.*

Accordingly, it is hereby **ORDERED** as follows:

1. The Court **FINDS** Defendant Rakeem Olajuwon Hill is currently not competent to proceed to trial.

2. The Court **COMMITS** Defendant to the custody of the Attorney General, who is **DIRECTED** to hospitalize Defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months from the date Defendant arrives at the designated facility, to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the proceedings to go forward.

3. The United States is **DIRECTED** to file a report as to Defendant's status prior to the expiration of the four-month treatment period.

4. The United States is **DIRECTED** to file a motion for the release of Defendant from the Attorney General's custody within five days of receipt of a § 4241(e) certificate.[1]

**DONE** and **ORDERED** in Orlando, Florida on April 14, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 4241(e) directs the director of the facility where Defendant will ultimately be housed to file a certificate with the Clerk of the Court upon a determination that Defendant "has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." 18 U.S.C. § 4241(e).